J-S33034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MYRA S. HAMM | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER L. HARRIS | : | |
| | : | |
| Appellant | : | No. 1684 MDA 2023 |

Appeal from the Judgment of Sentence Entered November 13, 2023
In the Court of Common Pleas of York County Domestic Relations at
No(s):  00893 SA 1999,
PACSES No. 335100856

BEFORE:  OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED FEBRUARY 27, 2025**

Appellant Christopher L. Harris appeals from the judgment of sentence imposed following his conviction for contempt.  Appellant argues that the trial court erred in failing to appoint counsel for purposes of the contempt hearing. Following our review, we vacate and remand for further proceedings.

By way of background, the underlying matter is a child support action in which the trial court held a contempt hearing based on Appellant's "failure to make regular and timely payments, failure to report employment status or job search directives, failure to appear for an expedited contempt conference, and failure to appear for a previous contempt hearing in 2022."  Trial Ct. Op., 2/27/24, at 1 (citation omitted).  Initially, Appellant indicated that he wished to proceed with counsel, and the trial court directed Appellant to contact the Public Defender's Office for the contempt hearing.  **See** N.T., 10/11/23, at 2.

However, at the hearing on November 8, 2023, Appellant indicated that he wished to proceed *pro se,* and the trial court proceeded with the hearing. **See** N.T., 11/8/23, at 2. Ultimately, the trial court found Appellant in contempt and issued an order imposing a 60-day prison sentence with a cash purge of $2,000 or a work purge of 40 days in the outmate program.

Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issue:

Did the [trial] court deny [Appellant] his right to counsel where it sentenced him to incarceration in the absence of counsel, it did not secure a knowing, intelligent, and voluntary waiver of counsel, and [Appellant] did not engage in the sort of conduct that results in forfeiture of the right to counsel?

Appellant's Brief at 4.

"In reviewing a trial court's finding on a contempt petition, we are limited to determining whether the trial court committed a clear abuse of discretion." **Rogowski v. Kirven**, 291 A.3d 50, 57 (Pa. Super. 2023) (citation omitted). "This Court must place great reliance on the sound discretion of the trial court when reviewing an order of contempt." **Id.** (citation omitted and formatting altered).

The determination of whether a particular order contemplates civil or criminal contempt is crucial, as each classification confers different and distinct procedural rights on the defendant. There is nothing inherent to a contemptuous act or refusal to act which classifies the act itself as "criminal" or "civil." The distinction between criminal and civil contempt is rather a distinction

between two permissible judicial responses to contumacious behavior. These judicial responses are classified according to the dominant purpose of the court. If the dominant purpose is to vindicate the dignity and authority of the court and to protect the interest of the general public, it is a proceeding for criminal contempt. But where the act of contempt complained of is the refusal to do or refrain from doing some act ordered or prohibited primarily for the benefit of a private party, proceedings to enforce compliance with the decree of the court are civil in nature. The purpose of a civil contempt proceeding is remedial. Judicial sanctions are employed to coerce the defendant into compliance with the court's order, and in some instances, to compensate the complainant for losses sustained.

> The factors generally said to point to a civil contempt are these: (1) Where the complainant is a private person as opposed to the government or a governmental agency; (2) where the proceeding is entitled in the original . . . action and filed as a continuation thereof as opposed to a separate and independent action; (3) where holding the defendant in contempt affords relief to a private party; (4) where the relief requested is primarily for the benefit of the complainant; and (5) where the acts of contempt complained of are primarily civil in character and do not of themselves constitute crimes or conduct by the defendant so contumelious that the court is impelled to act on its own motion.

*Lachat v. Hinchcliffe*, 769 A.2d 481, 487-88 (Pa. Super. 2001) (citations omitted). A contempt order used to coerce a parent into paying a support obligation and arrearages is properly characterized as civil. *See Barrett v. Barrett*, 368 A.2d 616, 619 (Pa. 1977).

This Court has declined to impose an automatic right to court-appointed counsel for all civil contempt proceedings involving an indigent defendant's failure to pay court-imposed fines and costs. *See Commonwealth v. Diaz*, 191 A.3d 850 (Pa. Super. 2018). Rather, "an indigent defendant's right to

court-appointed counsel is triggered in any proceeding in which the court finds there is a likelihood of imprisonment." **Id.** at 862 (footnote omitted).

> [U]pon the trial court's determination at the civil contempt hearing that there is a likelihood of imprisonment for contempt and that the defendant is indigent, the court must appoint counsel and permit counsel to confer with and advocate on behalf of the defendant at a subsequent hearing. An indigent defendant has the option of knowingly, intelligently, and voluntarily waiving that right to appointed counsel.

**Id.** at 862-63 (citation omitted).

> In order to make a knowing and intelligent waiver, the individual must be aware of both the nature of the right and the risks and consequences of forfeiting it.
>
> Moreover, the presumption must always be against the waiver of a constitutional right. Nor can waiver be presumed where the record is silent. The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer.
>
> Thus, for this Court to uphold such a waiver, the record must clearly demonstrate an informed relinquishment of a known right.

**Commonwealth v. Phillips**, 93 A.3d 847, 852 (Pa. Super. 2014) (citations omitted and formatting altered).

Where a defendant seeks to waive his right to counsel, Rule 121 of the Pennsylvania Rules of Criminal Procedure sets forth the following requirements:

> To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge . . . at a minimum, shall elicit the following information from the defendant:
>
> > (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2); *see also Beaman v. Gibbs*, 522 MDA 2023, 2024 WL 913209, at *3 (Pa. Super. filed Mar. 4, 2024) (unpublished mem.)[1] (reflecting that where there is a likelihood of imprisonment in a civil contempt proceeding for a defendant's failure to pay child support, Rule 121 applies).

Here, the trial court found Appellant in contempt due to his failure to comply with child support orders. Thus, the contempt proceedings were civil in nature. *See Barrett*, 368 A.2d at 619; *Lachat*, 769 A.2d at 487-88. Further, the trial court determined that a prison sentence was warranted. Therefore, because Appellant was an indigent defendant who faced

---

[1] We note that unpublished decisions filed in this Court after May 1, 2019, may be cited for their persuasive value. *See* Pa.R.A.P. 126(b).

imprisonment for civil contempt, he was entitled to court-appointed counsel.
*See Diaz*, 191 A.3d at 862-63.

In its Rule 1925(a) opinion, the trial court explained:

With regard to [Appellant's] right to counsel in this matter, this court is in agreement that [Appellant] was entitled to counsel due to a likelihood of imprisonment if [Appellant] was found in contempt. The court would note that the contempt hearing on November 8, 2023 was a rescheduled hearing from October 11, 2023. At the initial hearing on October 11, 2023, the court informed [Appellant] of his right to counsel and what he needed to do to ensure that he obtained counsel through the Public Defender's Office prior to the rescheduled hearing on November 8, 2023:

THE COURT: [Appellant,] you're before the court as a self-represented litigant. I want to confirm, do you want to proceed today without legal counsel?

[APPELLANT]: I put in for a public defender. I still heard nothing back from them. I'm due to get released from here, and I was hoping to come to court and have a public defender or some kind of lawyer represent me.

THE COUT: So are you requesting a continuance —

[APPELLANT]: Yes sir.

THE COURT: -- to allow [a] public defender to represent you?

[APPELLANT]: Yes sir.

THE COURT: Okay.

\* \* \*

THE COURT: So we're going to continue your hearing to a date to allow you to seek a public defender. So you want to make sure with your counselor there at York County Prison that you want to be able to follow up as to having contact with the Public Defender's Office. If you are released prior to the date of the rescheduled hearing on this matter, you want to directly contact the public defender and find out who

- 6 -

is representing you and work with them so that when you come back to court, you're appropriately represented and ready to proceed.

[APPELLANT]: Yes, I'll be diligent, Your Honor.

THE COURT: [Appellant,] the court is giving you notice that today's contempt hearing is being rescheduled to November 8, 2023 at 11:00 a.m. in Courtroom 6006 of the York County Judicial Center. If you are still incarcerated as of that date, then you'll appear by Zoom from York County Prison. If you're released prior to that date, then you need to make sure you appear on time for the 11:00 on November 8th hearing. Again, I would contact your counselor there at the prison regarding your seeking representation from the Public Defender's Office, as well as following up directly with the public defender once released from current incarceration.

[N.T., 10/11/23, at 2-4].

At the rescheduled hearing on November 8, 2023, the court specifically asked [Appellant] as to whether he wished to proceed without counsel:

THE COURT: [Appellant] you are before the court as a self-represented litigant. Are you willing to proceed today as a self-represented litigant?

[APPELLANT]: Yes.

[N.T., 11/8/23, at 2.]

The court would submit that this matter is distinguishable from ***Diaz***, . . . where the defendant was not specifically asked whether he waived his right to counsel or whether he wished to proceed as a self-represented litigant, nor did [the defendant in] ***Diaz*** receive more detailed information as to what steps he needed to take to obtain counsel from a public defender, as [Appellant] did in this matter. This court would submit that when reviewing both the October 11, 2023 and November 8, 2023 hearings in their entirety, that [Appellant] was adequately informed of his right to court appointed counsel and that he knowingly, intelligently, and voluntarily waived that right and clearly indicated his desire to proceed as a self-represented litigant.

Trial Ct. Op. at 3-6 (some formatting altered).

Following our review of the record, we conclude that the trial court erred by proceeding with the contempt hearing without ensuring that Appellant properly waived his right to counsel. *See Beaman*, 2024 WL 913209, at *3. Although Appellant indicated that he was willing to proceed as a self-represented litigant, the trial court did not inquire into the any of the areas set forth in Pa.R.Crim.P. 121(A)(2). *See id.* Accordingly, we vacate the contempt order and sentence, and we remand for a new contempt hearing where Appellant may be represented by counsel.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/27/2025